IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MUNRO & COMPANY, INC.                                           CROSS-CLAIMANT

vs.                                    Civil No. 6:06-cv-06082

LINDA D. MANZEY                                                CROSS-DEFENDANT

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Cross-Claimant Munro & Company, Inc.'s (hereinafter "Munro & Company") Motion for Summary Judgment.  (Doc. No. 48).  This Motion was filed on July 2, 2010. Plaintiff and Cross-Defendant Linda D. Manzey (hereinafter "Plaintiff") responded to this Motion on July 19, 2010.  (Doc. No. 54).  On July 8, 2010, this Motion was referred to this Court by United States District Judge Robert T. Dawson pursuant to 28 U.S.C. § 636(b)(1).  (Doc. No. 53).  This matter is now ready for decision.

**1. Background**

On December 29, 2006, Plaintiff filed a complaint against the Department of Veterans Affairs (hereinafter "DVA").  (Doc. No. 1).  Plaintiff filed this suit alleging that DVA was liable for the injuries she sustained on May 2, 2005 from a fall:

> Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff when she fell on May 2, 2005, at approximately 8:00p.m., as a result of an unreasonably dangerous condition on Defendant's property, specifically the insufficiently lit, insufficiently marked, insufficiently maintained and negligently designed curb separating the sidewalk and the circle drive at the Emergency Room door of the John L. McClellan Veterans Hospital located at 4300 West 7th Street, Little Rock, Arkansas 72205.

(Doc. No. 1, Page 2).  DVA answered on March 5, 2007, and Plaintiff and DVA engaged in discovery

1

for approximately a year.   On May 22, 2008, Plaintiff and DVA settled their lawsuit, and the Honorable Judge Robert T. Dawson dismissed Plaintiff's case subject to the terms of the settlement agreement.  (Doc. No. 27).

Thereafter, over a year later, on October 16, 2009, Plaintiff filed a Motion Requesting the Court's Assistance with Completion of Settlement Agreement. (Doc. No. 28).  In this motion, Plaintiff stated that she had been "unable to reach an agreement on the portion of the settlement proceeds to be distributed to Novasys Health and Munro & Company's Self-Funded Employee Benefit Plan and their representatives, First Recovery Group, LLC." *Id.*  In response to this request for assistance, this Court held a hearing on this motion, granted Plaintiff's request to assist in the settlement, and permitted Plaintiff to deposit $65,000.00 into the registry of the court.  (Doc. No. 36).  At that time, this Court also set a hearing for May 3, 2010 to give any parties with an interest in the $65,000.00 the opportunity to be heard.  *Id.*

On April 28, 2010, prior to the May hearing, Munro & Company filed a Motion to Intervene. (Doc. No. 38).  This Court granted that motion on April 29, 2010.  (Doc. No. 43).  Thereafter, Munro & Company filed a cross-complaint against Plaintiff.  (Doc. No. 44).  With that cross-complaint, Munro & Company seeks an award of $76,195.03 in addition to interest, costs, and attorney's fees which it claims are due from Plaintiff under the terms of its Health Benefit Plan ("the Plan").  (Doc. No. 44).  On May 17, 2010, Plaintiff answered Munro & Company's cross-complaint.  (Doc. No. 47). In this answer, Plaintiff claimed that the "correct amount of reimbursement [under the Plan] is yet to be determined" and that Munro & Company is not entitled to $76,195.03.  (Doc No. 47).

Thereafter, on July 2, 2010, Munro & Company filed the motion for summary judgment that is currently before this Court.  (Doc. No. 48).  Munro & Company claims it is entitled to summary

judgment on its cross-claim.  *Id.*  Munro & Company requests the court to enter an order (1) directing the court clerk to turn over the $65,000.00 in the court's registry and (2) directing Plaintiff to turn over the additional $11,195.03 plus accrued interest from the settlement proceeds.  *Id.*  Plaintiff responded to this motion on July 19, 2010.  (Doc. No. 54).  In this response, Plaintiff disputes Munro & Company's claim that the $76,195.03 was expended "as a direct and proximate result" of the injuries she sustained from the May 2, 2005 incident.  *Id.*

## 2. <u>Applicable Law</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case.  Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial.  *Id.* at 324.  A mere scintilla of evidence in support of the non-movant's position is insufficient.  *Anderson,* 477 U.S. at 252.  To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial."  *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted).

Further, once the initial burden is met, even when the nonmoving party does not bear the

burden of proof at trial, that party still has an obligation to respond with more than mere denials.  FED. R. CIV. P. 56(e)(2).  As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial."  *Id.*  Thus, as in this case, even though Plaintiff is the Cross-Defendant on this disputed claim and does not bear the burden of proof at trial, she still must present more than allegations or denials.

**3. Discussion**

In the present action, Munro & Company moved for summary judgment.  (Doc. No. 48). Therefore, it bears the initial burden of showing that no genuine issue of material fact exists to be decided at trial on its cross-claim.  *Celotex Corp.,* 477 U.S. at 325.  If Munro & Company is able to meet that initial burden, Plaintiff must present some evidence demonstrating that a triable issue of fact still remains.  *See id.  See also* FED. R. CIV. P. 56(e)(2)*.*

    **A.**      **Munro & Company's Evidence**

To meet its burden, Munro & Company has submitted the following: (1) an affidavit of Ryan L. Woody, an attorney representing Munro & Company in this action (Doc. No. 52) and (2) an affidavit of Rozana S. Widlicka, an employee of First Recovery Group ("FRG").[1]  (Doc. No. 51). These affidavits contain the following exhibits: (1) Plan Document and Summary Plan Description for Munro & Company Health Benefit Plan; (2) FRG itemized bill for Linda Manzey which includes medical charges dating from May 3, 2005 through October 11, 2005; (3) correspondence regarding Plaintiff's settlement with DVA; (4) Plaintiff's discovery responses to DVA's interrogatories and

---

[1]Based upon Rozana Widlicka's affidavit, it appears FRG is employed by Munro & Company to administer its self-funded employee benefit plan.

requests for production of documents; and (5) the settlement agreement between Plaintiff and DVA. (Doc. Nos. 51-52).

Through this evidence, Munro & Company has established it paid $76,195.03 on behalf of Linda Manzey from May 3, 2005 through October 11, 2005 for medical expenses.[2] (Doc. No. 51-2). Munro & Company has established that Plaintiff represented during the course of the underlying litigation that these medical expenses resulted from the May 2, 2005 incident. (Doc. Nos. 52-1, 52-2, 52-3).

Specifically, DVA's Request for Production No. 16 requested the following: "Provide an itemized calculation of all damages sought from the Defendant together with an explanation as to how the amount of each item of damages was calculated." (Doc. No. 52-2, Page 2). In response, Plaintiff referenced the bill from FRG and stated: "My medical expenses alone totaled $243,538.49 [amount incurred] from the time of the 5/2/05 incident until the end of 2005. Additional expenses are continuing to be identified and will be disclosed upon their receipt." *Id.* Plaintiff also submitted to DVA the bill from FRG totaling $81,174.18 which was paid on behalf of Plaintiff.[3] (Doc. No. 52-1, 52-2).

Further, Munro & Company has established Linda Manzey was a "Covered Person" under the Plan. (Doc. No. 51 ¶¶ 14-15). Munro & Company has established it had a right of subrogation and reimbursement because she was a "Covered Person" who had a claim against a third party. (Doc. No.

---

[2] This total of $76,195.03 represents what was actually paid on behalf of Plaintiff. (Doc. No. 51-2). The total charged was $233,714.36. *Id.*

[3] Based upon the settlement documents submitted, it appears Plaintiff's responses to these discovery requests were used to settle the medical portion of the underlying action. (Doc. No. 51-3) (attorney for DVA Mark Webb referenced the medical bills as $84,147.18 with a $3,000 deductible). It appears this amount of $81,147.18 was later adjusted by FRG to the $76,195.03 that is currently before the Court. (Doc. No. 51 ¶ 31).

51-1, Pages 52).  Munro & Company has established this right of subrogation and reimbursement has priority: "[t]hese rights provide the Plan with a 100%, first dollar priority over any and all Recoveries and funds paid by a Third Party to a Covered Person relative to the Injury or Sickness . . ."  *Id.*

B.    **Plaintiff's Objections to Munro & Company's Evidence**

In response to the submitted evidence, Plaintiff objects to (1) the two submitted affidavits as being self-serving, (2) the settlement documents as not being probative, (3) the discovery responses as not reflecting "a finder of fact's assessment of what portion of Plaintiff's subsequent treatment as a direct and proximate result of her May 2, 2005 incident, and whether the May 2, 2005 incident's injuries were the major cause of the subsequent treatments," and (4) the settlement agreement as having been taken out of context.  (Doc. No. 54).  This Court will address these objections.

First, Plaintiff objects to Munro & Company's affidavits as being "self-serving."  Pursuant to FED. R. CIV. P. 56(e)(1), an affidavit must (1) show that the affiant is competent to testify, (2) be based on the affiant's personal knowledge, and (3) state admissible facts.  There is, however, no prohibition toward the an affidavit being "self-serving."  *See Santiago-Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 53 (1st Cir. 2000) (holding that the affidavit in dispute "may be self-serving, but it complies with the requirements of the federal rules, and we therefore must consider it together with the other evidence before the magistrate judge").  Accordingly, even assuming these affidavits could be considered "self-serving," since it appears they otherwise meet the requirements of FED. R. CIV. P. 56(e)(1), they can be considered as summary judgment proof.[4]

Second, Plaintiff claims the settlement documents in the underlying action are not "probative." This objection is without merit.  The settlement documents are probative because the Plan provides

_____

[4] Plaintiff does not claim these affidavits do not otherwise meet the requirements of FED. R. CIV. P. 56(e)(1).

that its subrogation and reimbursement rights are based upon what is "Recovered." (Doc. No. 51-1, Page 52). The term "Recovered" is a defined term in the Plan and "means all monies paid to the Covered Person by way of judgment, *settlement*, or otherwise to compensate for all losses caused by the Injury or Sickness." (emphasis added). Thus, the settlement documents are certainly probative in this case.

Third, Plaintiff claims the discovery responses are objectionable because they do not reflect "a finder of fact's assessment of what portion of Plaintiff's subsequent treatment as a direct and proximate result of her May 2, 2005 incident, and whether the May 2, 2005 incident's injuries were the major cause of the subsequent treatments." (Doc. No. 54-2, Page 4). Upon review, this Court finds Munro & Company has provided an itemized statement of Plaintiff's medical treatment dating from May until October of 2005. (Doc. No. 51-2). Munro & Company claims this medical treatment resulted from the May 2, 2005 accident. (Doc. No. 51). Plaintiff has presented no evidence demonstrating that there is a factual dispute as to whether that medical care was "as a direct and proximate result" of her accident. Without a factual dispute, there is no need for "a finder of fact's assessment." Therefore, this Court finds Plaintiff's objection is without merit.

This Court finds it worth noting, however, that Plaintiff *herself* even represented that these medical bills resulted from the May 2, 2005 accident. Such an admission is evidence in this case, and this Court is not inclined to allow Plaintiff to take a position inconsistent with her position in the underlying action. *See Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 737-38 n.6 (8th Cir. 1987) (noting that judicial estoppel is "to protect the integrity of the judicial process"). *See also Murrey v. U.S.,* 73 F.3d 1488, 1455 (8th Cir. 1996) (recognizing that "extrajudicial admissions" by a party opponent are admissible as evidence under FED. R. EVID. 801(d)(2)). Further, although Plaintiff claims the treatment must be a "direct and proximate result" of the May 2, 2005 accident, this Court finds no

7

such language supporting that interpretation in the Plan itself.  (Doc. No. 51-1, Pages 52-53).  Indeed, the Plan states that its "Refund" is for "medical . . . benefits that it has paid toward care and treatment of the Injury or Sickness."  Therefore, Plaintiff has also provided no basis in the Plan's language for her argument.

Based upon the foregoing analysis, this Court overrules Plaintiff's objections to Munro & Company's evidence.  Munro & Company has presented evidence demonstrating it is entitled to $76,195.03 from the settlement proceeds.  Thus, Munro & Company has met its initial burden of showing there is no genuine issue of material fact remaining in this case.  *See Celotex Corp.,* 477 U.S. at 325.

## C.    Evidence Presented by Plaintiff

Plaintiff has not submitted any countervailing evidence.  (Doc. Nos. 54-55).  Plaintiff has not submitted an affidavit or other type of evidence supporting her allegation that the submitted charges did not result from the May 2, 2005 accident.  Without any evidence, Plaintiff has not met her burden of showing, through specific evidence, that a triable issue of fact remains. *See* FED. R. CIV. P. 56(e)(2). Thus, this Court finds, based upon the evidence submitted, there is no genuine issue of material fact as to whether Munro & Company is entitled to $76,195.03.

## 4. Conclusion

Based upon the foregoing, this Court recommends that Munro & Company be awarded the entire $76,195.03 along with any incurred interest.[5]  Of this amount, this Court recommends that the clerk be directed to pay Munro & Company $65,000.00 out of the court's registry and that Plaintiff

---

[5] In its cross-complaint, Munro & Company also requested costs and attorney's fees.  (Doc. No. 44).  In its motion for summary judgment, however, Munro & Company requested no such relief.  (Doc. No. 48).  Munro & Company also submitted no evidence for its costs and attorney's fees.  Therefore, this Court declines to recommend that costs and attorney's fees be awarded.

be directed to pay $11,195.03 out of the settlement proceeds.[6]

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 4th day of August, 2010.

s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[6] It appears Munro & Company is possibly seeking a judgment against Plaintiff's attorney as well.  (Doc. No. 50, Page 11).  Plaintiff's attorney is not a party to this action.  Therefore, this Court cannot enter an enforceable judgment against Plaintiff's attorney.

9